IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMIE SEGLOWICH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 22-813 |
| | ) |
| KILOLO KIJAKAZI, | ) |
| *Acting Commissioner of Social Security*, | ) |
| | ) |
| Defendant. | ) |

**O R D E R**

AND NOW, this 29th day of September, 2023, upon consideration of Defendant's Motion for Summary Judgment (Doc. No. 24) filed in the above-captioned matter on March 29, 2023,

IT IS HEREBY ORDERED that said Motion is DENIED.

AND, further, upon consideration of Plaintiff's Motion for Summary Judgment (Doc. No. 21) filed in the above-captioned matter on February 28, 2023,

IT IS HEREBY ORDERED that said Motion is GRANTED IN PART and DENIED IN PART. Specifically, Plaintiff's Motion is granted to the extent that it seeks a remand to the Commissioner of Social Security ("Commissioner") for further evaluation as set forth below and denied in all other respects. Accordingly, this matter is hereby remanded to the Commissioner for further evaluation under sentence four of 42 U.S.C. § 405(g) in light of this Order.

**I.  Background**

Plaintiff Jamie Seglowich protectively filed a claim for disability insurance benefits under Subchapter II of the Social Security Act, 42 U.S.C. § 401 *et seq.*, effective January 15,

2020, claiming that she became disabled on December 9, 2016 due to a plethora of symptoms, including seizures and cognitive dysfunction with memory loss. (R. 15, 237-43, 277). After being denied initially on September 1, 2020, and upon reconsideration on January 14, 2021, Plaintiff sought, and obtained, a telephonic hearing before an Administrative Law Judge ("ALJ") on June 22, 2021. (R. 122-26, 131-40, 148-49, 41-78). In a decision dated August 10, 2021, the ALJ denied Plaintiff's request for benefits. (R. 15-28). The Appeals Council declined to review the ALJ's decision on April 5, 2022. (R. 1-3). Plaintiff filed a timely appeal with this Court, and the parties have filed cross-motions for summary judgment.

## II.      Standard of Review

Judicial review of a social security case is based upon the pleadings and the transcript of the record, and the scope of that review is limited to determining whether the Commissioner applied the correct legal standards and whether the record, as a whole, contains substantial evidence to support the Commissioner's findings of fact. *See* 42 U.S.C. § 405(g); *Matthews v. Apfel*, 239 F.3d 589, 592 (3d Cir. 2001) (noting that "'[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive'" (quoting § 405(g)); *Schaudeck v. Comm'r of Soc. Sec. Admin.*, 181 F.3d 429, 431 (3d Cir. 1999) (stating that the court has plenary review of all legal issues, and reviews the ALJ's findings of fact to determine whether they are supported by substantial evidence). If the district court finds this to be so, it must uphold the Commissioner's final decision. *See Rutherford v. Barnhart*, 399 F.3d 546, 552 (3d Cir. 2005). The Court may not set aside a decision that is supported by substantial evidence "even if [it] would have decided the factual inquiry differently." *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999) (citing § 405(g)); *Monsour Med. Ctr. v. Heckler*, 806 F.2d 1185, 1190-91 (3d Cir. 1986)).

"Substantial evidence" is defined as "more than a mere scintilla." *Plummer v. Apfel*, 186 F.3d 422, 427 (3d Cir. 1999) (quoting *Ventura v. Shalala*, 55 F.3d 900, 901 (3d Cir. 1995)). It means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.*; *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019). However, a "'single piece of evidence will not satisfy the substantiality test if the [Commissioner] ignores, or fails to resolve, a conflict created by countervailing evidence.'" *Morales v. Apfel*, 225 F.3d 310, 317 (3d Cir. 2000) (quoting *Kent v. Schweiker*, 710 F.2d 110, 114 (3d Cir. 1983)). "'Nor is evidence substantial if it is overwhelmed by other evidence – particularly certain types of evidence (e.g., that offered by treating physicians) – or if it really constitutes not evidence but mere conclusion.'" *Id.* So as to facilitate the district court's review, an ALJ's findings must "be accompanied by a clear and satisfactory explication of the basis on which [they] rest[]." *Cotter v. Harris*, 642 F.2d 700, 704 (3d Cir. 1981). Decisions that are conclusory in their findings or indicate the ALJ's failure to consider all the evidence are not supported by substantial evidence. *See id.* at 705-06. Moreover, the Court must ensure the ALJ did not "reject evidence for no reason or for the wrong reason." *Id.* at 706 (citing *King v. Califano*, 615 F.2d 1018 (4th Cir. 1980)).

A disability is established when the claimant can demonstrate some medically determinable basis for an impairment that prevents him or her from engaging in any substantial gainful activity for a statutory twelve-month period. *See Fargnoli v. Massanari*, 247 F.3d 34, 38-39 (3d Cir. 2001). "A claimant is considered unable to engage in any substantial gainful activity 'only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . .'" *Id.* at 39 (quoting 42 U.S.C. § 423(d)(2)(A)).

The Social Security Administration has promulgated regulations incorporating a five-step sequential evaluation process in guiding ALJs in determining whether a claimant is under a disability as defined by the Act. *See* 20 C.F.R. § 404.1520. At Step One, the ALJ must determine whether the claimant is currently engaging in substantial gainful activity. *See id.* at § 404.1520(a)(4)(i). If so, the disability claim will be denied. *See Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). If not, the second step of the process is to determine whether the claimant is suffering from a severe impairment. *See* 20 C.F.R. § 404.1520(a)(4)(ii). "An impairment or combination of impairments is not severe if it does not significantly limit [the claimant's] physical or mental ability to do basic work activities." *Id.* at § 404.1522. If the claimant fails to show that his or her impairments are "severe," he or she is ineligible for disability benefits. If the claimant does have a severe impairment, however, the ALJ must proceed to Step Three and determine whether the claimant's impairment meets or equals the criteria for a listed impairment. *See id.* at § 404.1520(a)(4)(iii). If a claimant meets a listing, a finding of disability is automatically directed. If the claimant does not meet a listing, the analysis proceeds to Steps Four and Five.

In considering these steps, the ALJ must formulate the claimant's residual functional capacity ("RFC"). A claimant's RFC is defined as the most that an individual is still able to do despite the limitations caused by his or her impairments. *See Fargnoli*, 247 F.3d at 40; 20 C.F.R. § 404.1545(a). At Step Four, it is the claimant's burden of demonstrating an inability to perform his or her past relevant work. *See Adorno v. Shalala*, 40 F.3d 43, 46 (3d Cir. 1994). If the ALJ determines that the claimant lacks the RFC to resume his or her former occupation, the evaluation then moves to the fifth and final step. *See* 20 C.F.R. § 404.1520(a)(4)(iv).

At this stage, the burden of production shifts to the Commissioner, who must demonstrate that the claimant is capable of performing other available work in the national economy in order to deny a claim of disability. *See id.* at § 404.1520(a)(4)(v). In making this determination, the ALJ must consider the claimant's RFC, age, education, and past work experience. *See id.* The ALJ must further analyze the cumulative effect of all the claimant's impairments in determining whether he or she is capable of performing work and is not disabled. *See id.* at § 404.1523.

### III.   The ALJ's Decision

In his August 10, 2021 decision, the ALJ found that Plaintiff met the insured requirements of the Act through December 31, 2021. (R. 17). He then proceeded to apply the sequential evaluation process, finding that Plaintiff had not been engaged in substantial gainful activity since the alleged onset date of December 9, 2016. (*Id.*). The ALJ also found that Plaintiff met the second requirement of the process insofar as she had several severe impairments, although he found that some of Plaintiff's alleged impairments, specifically B-12 deficiency, GERD, oral pharyngeal dysphagia, gastroparesis, anemia, and substance abuse, did not qualify as severe impairments. (R. 17-18). The ALJ concluded that none of Plaintiff's impairments met any of the listings that would satisfy Step Three. (R. 18-20).

The ALJ found that Plaintiff retained the RFC to perform light work with a number of non-exertional limitations, including that she would be limited to unskilled low stress work at the SVP 1 or 2 level, with one-or-two step instructions, that her work duties must be explained, written, and/or demonstrated and be capable of being learned in 30 days or less, and that she would be limited to work that is not fast paced and does not have strict production or time quotas. (R. 20). At Step Four of the process, the ALJ used a vocational expert ("VE") to find that Plaintiff was unable to perform her past relevant work. (R. 26). He proceeded to determine,

at Step Five, whether there were jobs in the national economy that Plaintiff could perform. (R. 26-28). The VE testified that, based on Plaintiff's age, education, work experience, and RFC, Plaintiff could perform a significant number of jobs in the national economy, including the representative occupations of marker, photocopy machine operator, and cashier II. (R. 27, 71). Accordingly, the ALJ found that Plaintiff was not disabled. (R. 28).

**IV.     Legal Analysis**

Plaintiff argues that the ALJ's decision is not supported by substantial evidence because he failed to discuss significant findings in the record, specifically, the November 11, 2020 neuropsychological evaluation conducted by Carol J. Schramke, Ph.D. She further contends that the ALJ erred in finding that she could perform light work and in failing to address what she characterizes as the contrary opinions of state agency medical consultants Lelwellyn Antone Raymundo, M.D., and Karen Sarpolis, M.D. While there are some flaws in Plaintiff's argument, the Court agrees that this case must be remanded for further consideration.

As noted above, the ALJ limited Plaintiff to light work. (R. 20). Plaintiff alleges that such a finding is inconsistent with both the findings of Dr. Raymundo and Dr. Sarpolis and that the ALJ failed to reconcile his decision with these contrary opinions. She is half right. As the Commissioner points out, the ALJ was correct that Dr. Raymundo opined that Plaintiff was limited to light work, *i.e.*, occasionally lifting/carrying 20 pounds, frequently lifting/carrying 10 pounds, and standing and/or walking about 6 hours in an 8-hour workday. (R. 108). The later reference in the January 14, 2021 Disability Determination Explanation to sedentary work was not Dr. Raymundo's opinion but rather part of an analysis regarding the application of the medical-vocational guideline section of the regulations (commonly referred to as the "grids"), 20

C.F.R., pt. 404, subpt. P, app. 2.  The ALJ, therefore, accurately characterized Dr. Raymundo's opinion as limiting Plaintiff to light work.

The problem is that Dr. Sarpolis did opine that Plaintiff was limited to sedentary work. (R. 88).  While certainly not binding, as Plaintiff points out, the ALJ did not address this opinion at all, let alone explain why he rejected this opinion and determined that Plaintiff retained the functional capacity to perform light rather than sedentary work.  It is true that an ALJ "need not mention every piece of evidence in the record," *Beety-Monticelli v. Comm'r of Soc. Sec.*, 343 Fed. Appx. 743, 747 (3d Cir. 2009), but Plaintiff is correct that, in making his findings, an ALJ must consider all of the evidence and "give some indication of the evidence which [he] rejects and [his] reason(s) for discounting such evidence." *Burnett v. Comm'r of Soc. Sec. Admin.*, 220 F.3d 112, 121 (3d Cir. 2000) (citing *Plummer*, 186 F.3d at 429).  Therefore, as noted above, an ALJ may not ignore, or fail to resolve, a conflict created by countervailing evidence.  *See Morales*, 225 F.3d at 317.  Dr. Sarpolis' opinion clearly contradicted the ALJ's RFC determination, and the ALJ therefore had to give some indication of how he considered this contrary evidence.

The Commissioner suggests that this is harmless error because even if Plaintiff were to be limited to sedentary work, consistent with Dr. Sarpolis' opinion, the VE testified that she could still perform the jobs of telephone solicitor, telephone quotation clerk, and survey worker.  (R. 72).  Under different circumstances there might be some force to this argument, but here is where Plaintiff's first argument comes into play and demonstrates that this error was not harmless.

As discussed above, Plaintiff also argues that the ALJ failed to discuss the neuropsychological evaluation conducted by Dr. Schramke, which she argues was relevant to the ALJ's determination of her RFC.  The Commissioner asserts that the ALJ did, in fact, cite to Dr.

Schramke's evaluation (Doc. No. 25, p. 11), but this is incorrect. The ALJ cited a November 19, 2019 psychological evaluation by Dr. Schramke (R. 1772-74) and in fact discussed it at significant length. (R. 23). However, he made no reference to the November 11, 2020 neuropsychological evaluation conducted by Dr. Schramke (R. 2098-2105). Though Dr. Schramke was involved in both evaluations, they are far from cumulative; the 2020 evaluation contained the results of fairly extensive psychological and cognitive testing. Accordingly, the ALJ's reference to Dr. Schramke's 2019 notes in no way establishes that he considered her more comprehensive report from a year later.

Again, the Commissioner argues that any failure to expressly discuss the 2020 report is harmless because the report does not demonstrate any particular additional functional limitations that might be included in the RFC. However, as Plaintiff points out, Dr. Schramke's testing revealed that Plaintiff performed poorly on tasks involving expressive language, attention, working memory, and motor and psychomotor speed. (R. 2103-04). The Court cannot simply assume that these findings would have no impact on the ALJ's RFC findings. This is especially true to the extent the Court is also asked to assume that the ALJ can rely on the VE's testimony regarding Plaintiff's ability to perform sedentary jobs that may be more impacted by such limitations. Indeed, the RFC in this case is already restrictive, especially in regard to Plaintiff's mental capacity. Additional limitations may well place the jobs cited by the VE, both light and sedentary, out of Plaintiff's reach.

By no means is the Court suggesting that the ALJ was obligated to adopt Dr. Sarpolis' opinion that Plaintiff was limited to sedentary work. As noted, Drs. Sarpolis and Raymundo differed on this point. Likewise, the ALJ was not required to give any specific weight to Dr. Schramke's 2020 findings or to include any specific additional limitations in the RFC to account

for them.  Indeed, Dr. Schramke did note that it was possible that the test results represented an "underestimate of [Plaintiff's] optimal level of functioning."  (R. 2103).  However, because neither was discussed at all, the Court cannot determine whether the ALJ rejected this evidence, and if so on what basis, or whether he simply overlooked it.  *See Haut v. Colvin*, No. 15-511, 2016 WL 3962020, at *11 (W.D. Pa. July 19, 2016) ("Where the ALJ fails to make mention of significant findings, the reviewing court cannot determine whether he considered and rejected them, considered and discounted them, or failed to consider them at all.") (citing *Fargnoli*, 247 F.3d at 40 n.5).  Likewise, the Court cannot assume that the RFC would remain unchanged if it is the case that Dr. Sarpolis' opinion and Dr. Schramke's findings were inadvertently disregarded.  Nor can it accept the Commissioner's invitation to assume that the VE's testimony would still be that there would be substantial work Plaintiff could perform if both Dr. Sarpolis' opinion and Dr. Schramke's findings were to be credited.  Accordingly, remand is necessary for the ALJ to consider this evidence and explain how it impacts his findings.[1]

**V.     Conclusion**

In short, the record does not permit the Court to determine whether the ALJ's decision is supported by substantial evidence, and, accordingly, the Court finds that substantial evidence does not support the ALJ's decision in this case.  The Court hereby remands the case to the Commissioner for reconsideration consistent with this Order.

s/Alan N. Bloch
United States District Judge

ecf:         Counsel of record

---

[1] Because it is the need for additional explanation by the ALJ that necessitates a remand in this case, the record does not permit the Court to reverse and remand the case for an award of benefits.  *See Podedworny v. Harris*, 745 F.2d 210, 221-22 (3d Cir. 1984).  Indeed, the Court emphasizes that it is not in any way finding that the ALJ's findings are incapable of being found to have adequate record support.